**REMY MOOSE MANLEY, LLP**
HOWARD F. WILKINS III, SBN 203083
LOUISA I. ROGERS, SBN 348350
555 Capitol Mall, Suite 800
Sacramento, California 95814
Telephone: (916) 443-2745
Facsimile: (916) 443-9017
Email: cwilkins@rmmenvirolaw.com
Email: lrogers@rmmenvirolaw.com

Attorneys for Plaintiff
YUBA COUNTY WATER AGENCY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUBA COUNTY WATER AGENCY,<br><br>Plaintiff,<br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE; UNITED STATES DEPARTMENT OF COMMERCE; HOWARD LUTNICK, in his official capacity as Secretary of Commerce; JENNIFER QUAN, in her official capacity as Regional Administrator of the West Coast Region of the National Marine Fisheries Service; U.S. ARMY CORPS OF ENGINEERS; LIEUTENANT GENERAL WILLIAM H. "BUTCH" GRAHAM, JR. in his official capacity as Commanding General of U.S. Army Corps of Engineers; and COLONEL ROBERT M. McTIGHE, in his official capacity as District Commander, Sacramento District, U.S. Army Corps of Engineers,<br><br>Defendants. | Case No. 2:25-cv-02511-DJC-JDP<br>[Related to Case No. 2:16-cv-00818-DJC-JDP]<br><br>**STIPULATION AND ORDER FOR TEMPORARY STAY OF PROCEEDINGS** |

**STIPULATION**

Plaintiff Yuba County Water Agency (YCWA) and Federal Defendants National Marine Fisheries Service (NMFS) et al. (together, the "Parties") stipulate to, and request that the Court order, a temporary stay of proceedings in this matter while Federal Defendants take various actions pursuant to the Endangered Species Act (ESA) that are likely to materially affect this case. In support of this stipulation, the Parties state as follows:

1. WHEREAS, YCWA filed the present lawsuit on September 2, 2025. Dkt. No. 1. YCWA alleges that NMFS violated the Endangered Species Act (ESA) and Administrative Procedure Act (APA) in connection with its issuance of a biological opinion ("BiOp") on July 30, 2024, for discretionary U.S. Army Corps of Engineers (USACE) activities related to operation and maintenance of existing fish passage facilities at Daguerre Point Dam on the lower Yuba River. YCWA also alleges that USACE violated the ESA and APA by conditionally accepting the 2024 BiOp. Among other things, YCWA's lawsuit seeks an order: (1) requiring USACE to reinitiate consultation with NMFS under the ESA, (2) requiring NMFS to prepare a new BiOp to supersede the 2024 BiOp, and (3) prohibiting NMFS from relying on the 2024 BiOp in the interim.

2. WHEREAS, in collaboration with NMFS and the California Department of Fish and Wildlife, YCWA plans to construct a nature-like fishway around Daguerre Point Dam ("NLF Project"), which is intended to facilitate fish passage upstream of the dam and generally improve conditions for the ESA-listed fish species addressed in the 2024 BiOp. YCWA is currently seeking various approvals from USACE for the NLF Project. Consistent with the 2024 BiOp, USACE has reinitiated consultation with NMFS to address the NLF Project.

3. WHEREAS, on August 17, 2026, USACE sent to NMFS a biological assessment covering YCWA's proposed NLF Project as well as USACE's proposed discretionary activities related to operation and maintenance of the existing Daguerre Point Dam fish passage facilities if the NLF is authorized and completed. At that time, USACE requested to reinitiate formal consultation with NMFS. NMFS anticipates that it could (1) complete its initial review of USACE's reinitiation package by mid-September 2026 and (2) issue a new BiOp by mid-January 2027.

4. WHEREAS, the Parties agree that the reinitiated consultation and forthcoming new BiOp have potential to moot all or part of YCWA's lawsuit. The Parties also believe that staying the litigation while NMFS completes its initial review of USACE's reinitiation package and prepares the new BiOp would preserve the Parties' and the Court's resources.

5. WHEREAS, the power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254-55 (1936); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A stay "pending resolution of independent proceedings which bear upon the case" can promote judicial efficiency and be "the fairest course for the parties." *Leyva v. Certified Grocers of California, Ltd*., 593 F.2d 857, 863-64 (9th Cir. 1979) (finding stays ").

THEREFORE, the Parties stipulate to, and request that the Court order, that any further proceedings in this case are stayed until January 15, 2027.

Respectfully submitted,

Dated: August 31, 2026

REMY MOOSE MANLEY, LLP

By: /s/ *Howard F. Wilkins III*

Howard F. Wilkins III, SBN 203083
Remy Moose Manley, LLP
555 Capitol Mall, Suite 800
Sacramento, CA 95814
Telephone: (916) 443-2745
Facsimile: (916) 443-9017
Email: cwilkins@rmmenvirolaw.com

Attorneys for Plaintiff
YUBA COUNTY WATER AGENCY

ADAM R.F. GUSTAFSON,
Principal Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
MICHAEL R. EITEL, Assistant Section Chief

/s/ *Davis A. Backer*

DAVIS A. BACKER,
Senior Trial Attorney (CO Bar No. 53502)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, North Terrace, Suite 600
Denver, Colorado 80202
Tel: (202) 305-5469
Fax: (303) 844-1350
Email: davis.backer@usdoj.gov

*Attorneys for Federal Defendants*

**ORDER**

Upon consideration of the Parties' stipulation, and for good cause shown, the Court orders:

1. All proceedings in this case are stayed until January 15, 2027.

IT IS SO ORDERED.

Dated: September 1, 2026

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE